UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRAIG MOBAYED,

                Petitioner,

        - against -                             MEMORANDUM & ORDER
                                                                 09-CV-4790 (RRM)(JMA)

ANTHONY BOUCAUD,
Superintendent for Altona Correctional Facility,

                Respondent.
-----------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

On October 26, 2009, pro se petitioner Craig Mobayed filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

Petitioner challenges a conviction on three counts of robbery in the second degree that was entered in Richmond County on July 11, 1994. He was sentenced to an indeterminate sentence of fourteen years to life imprisonment. (Pet. (Doc. No. 1) at 1.) The Supreme Court of New York, Appellate Division, Second Department, denied his appeal on October 28, 1996. *People v. Mobayed*, 648 N.Y.S.2d 993 (App. Div. 1996). He appears not to have appealed the case to a higher court. However, he did file subsequent post-conviction motions in state court. His applications for a writ of error *coram nobis* were denied on July 10, 2000, January 14, 2002, and May 16, 2002. *People v. Mobayed*, 711 N.Y.S.2d 771 (App. Div. 2000); *People v. Mobayed*, 736 N.Y.S.2d 242 (App. Div. 2002); *People v. Mobayed*, 744 N.Y.S.2d 755 (App. Div. 2002). Petitioner asserts that he also filed motions for collateral relief pursuant to New York Criminal

Procedure Law § 440.10 and § 440.20, which were denied on March 14, 2002 and December 3, 2008. (Pet. at 4.)

Petitioner has other state convictions. In a previous petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, petitioner challenged a July 6, 1987 conviction for robbery. *See Mobayed v. Boucaud*, Docket No. 09-CV-229 (RRM), 2009 WL 2392048 (E.D.N.Y. Aug. 4, 2009). He was also convicted on July 21, 1994, pursuant to his guilty plea, on a separate indictment from the conviction at issue here. *See People v. Mobayed*, 650 N.Y.S.2d 675 (App. Div. 1996) (affirming the conviction).

The Court received the instant petition on October 26, 2009. Petitioner challenges his July 11, 1994 sentence on the ground that it was improperly enhanced on the basis of his 1987 conviction. His previous effort to challenge the 1987 conviction in this Court was unsuccessful. *See Mobayed*, 2009 WL 2392048.

## DISCUSSION

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of *habeas corpus* by a person in custody pursuant to a State court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (*per curiam*). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity

to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

## II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 may be time-barred. Where 28 U.S.C. § 2244(d)(1)(A) applies, the limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the Appellate Division affirmed the conviction on October 28, 1996. As petitioner did not pursue his appeal to a higher appellate court, the judgment of conviction became final on November 27, 1996, thirty days after the Appellate Division dismissed the appeal, when the time to seek leave to appeal to the New York Court of Appeals had expired. *See* N.Y. Crim. P. § 460.10(5)(a); *accord Hanks v. Ekpe*, No. 04-CV-6215L, 2007 WL 3077030, at *3 (W.D.N.Y. Oct. 19, 2007). If 28 U.S.C. § 2244(d)(1)(B)–(D) are inapplicable to this case, petitioner had until November 27, 1997 to file his petition.

Petitioner does not indicate whether he filed his first state-court post-conviction motion prior to the expiration of the limitations period on November 27, 1997, and thus whether the statute of limitations is subject to statutory tolling. The record is also incomplete regarding the dates various collateral challenges were pending between July 10, 2000, when the first motion was decided, and December 3, 2008, when petitioner asserts his final state court motion was denied. Absent evidence of pending post-conviction motions during all but one year of the period from November 27, 1996 until the present, the instant petition appears to be time-barred. Petitioner has also not asserted any excuse for this lengthy delay that might serve as the basis for equitable tolling of the statute of limitations.

## CONCLUSION

Petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition. *See Day*, 547 U.S. at 209–10; *Acosta*, 221 F.3d at 125. Petitioner should state the dates on which he filed each of his post-conviction challenges in state court and the dates that each of them was decided. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2009

ROSLYNN R. MAUSKOPF
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRAIG MOBAYED,

                 Petitioner,

      - against -

ANTHONY BOUCAUD,
Superintendent for Altona Correctional Facility,

                 Respondent.
------------------------------------------------------------X

PETITIONER'S AFFIRMATION
09-CV-4790 (RRM)(JMA)

STATE OF NEW YORK    }
                               } ss:
COUNTY OF _____  }

      I, CRAIG MOBAYED, make the following affirmation under the penalties of perjury:

1.     I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated November 9, 2009. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____          _____
                                Signature

                                _____
                                Address

                                _____
                                City, **State** & ZIP