```
                                                               FILED
                                                          IN CLERK'S OFFICE
                                                       U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           ★   JAN 13 2010
-----------------------------------------------------------X
CRAIG MOBAYED,                                                 P.M.
                                                              TIME A.M.
                    Petitioner,

        - against -                                        MEMORANDUM & ORDER
                                                           09-CV-4790 (RRM)(JMA)
ANTHONY BOUCAUD,
Superintendent for Altona Correctional Facility,

                    Respondent.
-----------------------------------------------------------X
```

**MAUSKOPF, United States District Judge.**

On October 26, 2009, *pro se* petitioner Craig Mobayed, who is currently incarcerated at Altona Correctional Facility pursuant to a New York State judgment of conviction, brought this *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. By Order dated November 9, 2009, this Court directed Petitioner to show cause within thirty days why the petition should not be dismissed as time-barred. More than thirty days have elapsed, but no affirmation has been received by the Court. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

Petitioner challenges a conviction on three counts of robbery in the second degree that was entered in Richmond County on July 11, 1994.[1] The Supreme Court of New York, Appellate Division, Second Department, denied his appeal on October 28, 1996, *People v. Mobayed*, 648 N.Y.S.2d 993, 232 A.D.2d 661 (N.Y. App. Div. 1996), and he appears not to have appealed the case to a higher court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period during which prisoners may file a petition for a

---

[1] The Petition asserts that the conviction was entered on July 1, 1994. However, each of the opinions published electronically references a conviction date of July 11, 1994. *See, e.g., People v. Mobayed*, 232 A.D.2d 661 (N.Y. App. Div., 2d. Dep't 1996).

writ of *habeas corpus*. 28 U.S.C. § 2244(d)(1). For most cases challenging convictions that became final after the AEDPA's effective date, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The challenged conviction became final on November 27, 1996, thirty days after the Appellate Division dismissed the appeal, when the time to seek leave to appeal to the New York Court of Appeals had expired. *See* N.Y. Crim. P. § 460.10(5)(a); *accord Hanks v. Ekpe*, No. 04-CV-6215L, 2007 WL 3077030, at *3 (W.D.N.Y. Oct. 19, 2007). If Subsection A of the AEDPA statute of limitations controls, petitioner had one year from that date, or until November 27, 1997 within which to seek a writ of *habeas corpus* in federal court.[2]

The statute also provides for alternative triggering events to define the limitations period. Subsection D of the statute provides for the limitations period to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, Petitioner states that he did not discover the basis for his current challenge, the alleged infirmity of his 1987 conviction, until some time in 2000. The Court need not consider if such a claim could meet the due diligence requirement to trigger a later statute of limitations period as set forth in Subsection D, as Petitioner did not file the instant petition until October 26, 2009, long after either statute of limitations had expired.

The AEDPA statute of limitations may be subject to statutory or equitable tolling in certain limited circumstances. Statutory tolling provides for the limitations period to be tolled during the time state post-conviction motions are pending. Petitioner filed subsequent post-

---

[2] Because the period ended on a Saturday, Petitioner had until the next business day to file his petition.

conviction motions in state court. His applications for a writ of error *coram nobis* were denied on July 10, 2000, January 14, 2002, and May 16, 2002. *People v. Mobayed*, 744 N.Y.S.2d 755, 294 A.D.2d 965 (N.Y. App. Div. 2002); *People v. Mobayed*, 736 N.Y.S.2d 242, 290 A.D.2d 460 (N.Y. App. Div. 2002); *People v. Mobayed*, 711 N.Y.S.2d 771, 274 A.D.2d 436 (N.Y. App. Div. 2000). Petitioner asserts that he also filed motions for collateral relief pursuant to New York Criminal Procedure Law § 440.10 and § 440.20, which were denied on March 14, 2002 and December 3, 2008. (Petition (Doc. No. 1) at 4.) However, Petitioner's original petition failed to set out the dates on which each of these motions was filed and how long they were pending before decision. Petitioner also failed to assert any basis for equitable tolling. The Court's November 9, 2009 Order gave Petitioner thirty days within which to submit an affirmation asserting these dates or setting out exceptional circumstances as a basis for equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"). Petitioner has not availed himself of this opportunity, and this Court finds no basis for statutory or equitable tolling of the statute of limitations.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is DISMISSED as time-barred. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 11, 2010

ROSLYNN R. MAUSKOPF
United States District Judge