FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ MAR 05 2010

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRAIG MOBAYED,

        Petitioner,

   - against -

ANTHONY BOUCAUD,
Superintendent for Altona Correctional Facility,

        Respondent.
-----------------------------------------------------------X

MEMORANDUM & ORDER
09-CV-4790 (RRM)(JMA)

**MAUSKOPF, United States District Judge.**

On October 26, 2009, *pro se* petitioner Craig Mobayed, who is currently incarcerated at Altona Correctional Facility pursuant to a New York State judgment of conviction, brought this *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. By Order dated November 9, 2009 (Doc. No. 3), this Court directed Petitioner to show cause within thirty days why the petition should not be dismissed as time-barred. On January 11, 2010, having not received any response, the Court dismissed the petition as time-barred (Doc. No. 4). Thereafter, on January 25, 2010, the Court received a letter from Petitioner (Doc. No. 6), in which he claimed that he had never received the November 9, 2009 Order. At Petitioner's request, the Court reopened the case and gave him thirty additional days to respond (Doc. No. 7). The Court received Petitioner's Affirmation (Doc. No. 8) on February 22, 2010, but the Affirmation fails to demonstrate that the instant petition is timely or that Petitioner is entitled to equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

Petitioner was convicted of three counts of robbery in the second degree in Richmond County on July 11, 1994. His sentence was enhanced on the basis of a prior conviction for robbery in the first degree entered on July 6, 1987. The Supreme Court of New York, Appellate

Division, Second Department, denied his appeal on October 28, 1996, *People v. Mobayed*, 648 N.Y.S.2d 993, 232 A.D.2d 661 (N.Y. App. Div. 1996), and he appears not to have appealed the case to a higher court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period during which prisoners may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). For most cases challenging convictions that became final after the AEDPA's effective date, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The challenged conviction became final on November 27, 1996, thirty days after the Appellate Division dismissed the appeal, when the time to seek leave to appeal to the New York Court of Appeals had expired. *See* N.Y. Crim. P. § 460.10(5)(a); *accord* Hanks v. Ekpe, Docket No. 04-CV-6215L, 2007 WL 3077030, at *3 (W.D.N.Y. Oct. 19, 2007). If Subsection A of the AEDPA statute of limitations controls, petitioner had one year from that date, or until November 27, 1997, within which to seek a writ of *habeas corpus* in federal court.

The statute also provides for alternative triggering events to define the limitations period. Subsection D of the statute provides for the limitations period to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, Petitioner states that he did not discover the basis for his current challenge, the alleged infirmity of his 1987 conviction, until some time in 2000. The Court need not consider if such a claim could meet the due diligence requirement to trigger a later statute of limitations period as set forth in Subsection D, because Petitioner did not file the instant petition until October 26, 2009, long after either statute of limitations would have expired.

The AEDPA statute of limitations may be subject to statutory or equitable tolling in certain limited circumstances. Statutory tolling provides for the limitations period to be tolled during the time state post-conviction motions are pending. Petitioner filed subsequent post-conviction motions in state court. His applications for a writ of error *coram nobis* were denied on July 10, 2000, January 14, 2002, and May 16, 2002. *People v. Mobayed*, 744 N.Y.S.2d 755, 294 A.D.2d 965 (N.Y. App. Div. 2002); *People v. Mobayed*, 736 N.Y.S.2d 242, 290 A.D.2d 460 (N.Y. App. Div. 2002); *People v. Mobayed*, 711 N.Y.S.2d 771, 274 A.D.2d 436 (N.Y. App. Div. 2000). Petitioner asserts that he also filed motions for collateral relief pursuant to New York Criminal Procedure Law § 440.10 and § 440.20, which were denied on March 14, 2002 and December 3, 2008. (Petition (Doc. No. 1) at 4.) However, Petitioner's original petition failed to set out the dates on which each of these motions were filed or how long they were pending before decision, and his Affirmation provides no further information about his state court motions.

Petitioner also fails to assert any valid basis for equitable tolling. In his February 22, 2010 Affirmation, Petitioner asserts that the statute of limitations should not bar his petition because he claims that he is actually innocent of the charges in his 1987 conviction. The Court need not consider whether an actual innocence exception applies to AEDPA's statute of limitations. *See Doe v. Menefee*, 391 F.3d 147, 174 (2d Cir. 2004). That exception, if it existed, might apply to the statute of limitations following the 1987 conviction, the one in which Petitioner claims he is actually innocent of the charges. Yet Petitioner can no longer challenge the 1987 conviction directly through a petition pursuant to 28 U.S.C. § 2254, because he does not meet the in-custody requirement. *See Mobayed v. Boucaud*, No. 09-CV-229 (RRM), 2009 WL 2392048 (E.D.N.Y. Aug. 4, 2009). Instead, Petitioner now challenges the sentence in his 1994

conviction, a sentence enhanced because of his prior 1987 conviction. The relevant statute of limitations for challenging this sentence commenced when the 1994 conviction became final. Petitioner does not allege that he is actually innocent of the 1994 conviction. The statute of limitations on the 1987 conviction has no bearing on the time for challenging the 1994 conviction.

As Petitioner's Affirmation fails to establish any grounds for statutory or equitable tolling of the statute of limitations, the Court finds that the instant petition is time-barred.

## CONCLUSION

The Court finds that it does not have jurisdiction over this petition, because the statute of limitations has expired, and there are no sufficient grounds for statutory or equitable tolling. Accordingly, the petition for a writ of *habeas corpus* is dismissed as time-barred. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 4, 2010

ROSLYNN R. MAUSKOPF
United States District Judge